Grover, J.
The declaration of the plaintiff that the defendant would give him a lease of the property for twenty-one years, at a rent of eight per cent upon the purchase money, besides taxes, was improperly received in evidence upon the trial. It was made to Fox, the president of the Gas Company, in one of the interviews in which the plaintiff was endeavoring to effect a sale by the company to the defendant. The decía *301 ration had no connection with the sale. It was not explanatory of anything said or done in regard to it. It was not, therefore, admissible as forming a part of the res gestee. (1 Greenl. Ev., §108.) The only ground upon which the interview was at all admissible was to show that the plaintiff had rendered services in negotiating a sale of the property to the defendant. But there was a further issue between the parties, as to the character of the services; whether they were voluntary on the part of the plaintiff, or performed at the request of the defendant under circumstances entitling the plaintiff to compensation. It was upon this latter issue that the evidence was received. Upon that issue, the evidence tended to show that the services were performed under an agreement by the defendant to compensate the plaintiff therefor by giving him a lease upon the terms stated. In this view, the declaration amounts to a simple statement of the plaintiff, while rendering the services, of the compensation he was to receive therefor.
The evidence of the value of a lease of the property for twenty-one years, at an annual rent of eight per cent upon the purchase money besides taxes, was improperly received. The statute (2 R. S., 135, § 8) declares that every contract for the leasing for a longer period than one year, or for the sale of any lands or any interest in lands, shall be void, unless the contract, or some note or memorandum thereof expressing the consideration, be in writing, and be subscribed by the party by whom the lease or sale is to be made. The defendant’s counsel concedes that an action upon the breach of the agreement to give a lease cannot be maintained, but insists that the evidence was admissible to show the value of the plaintiff’s services. In Burlingame v. Burlingame (7 Cow., 92), it was held, when a parol contract was made to convey a certain piece of land in consideration of services to be performed, that upon the performance of the services and refusal to convey the land, a special count in assumpsit upon the agreement was the only remedy, and that the plaintiff was entitled to recover the value of the land as damages. In King v. Brown (2 Hill, 485), the case of Burlingame v. Burlingame was overruled so far as it held *302 that a special assumpsit for the breach of the agreement could be maintained. Justice Nelson, in his opinion in the latter case, intimates that the value of the land may be proved in such a case as an item of evidence, showing the value of the services. The opinion states the true rule of damages. The contract being void and incapable of enforcement in a court of lawj the party paying the money or rendering the services in pursuance thereof, may treat it as a nullity, and recover the money or the value of the services. This is the universal rule in cases where the contract is void, for any cause not illegal, if the defendant be in default. It is the value of the services, not that of the land, that is to be recovered. This value is to be ascertained by the agreement of the parties fixing it, if any, and if none, by proof of what they were worth. When the agreement fixing the compensation is void, it furnishes no evidence of value. The parties are presumed to know the law, and to understand that such compensation cannot be recovered. Their position is the same in a legal view as though no agreement as to the amount of compensation had been made in fact, as there has been none in law. Were it-otherwise, and had the plaintiff the right to prove the value of the land as showing the value of the services, according to the understanding of the parties, such value would constitute the rule of damages, and thus the plaintiff would receive the full benefit of the bargain. At all events, if the evidence is proper, the jury may adopt that as the value of the services, and thus effect the same result. Under such a rule the statute would afford but little protection to the defendant. Under an instruction by the court that the value of the land is evidence of the understanding of the defendant of the value of the services, a jury will almost invariably make that the basis-- of their verdict. The plaintiff’s counsel insists that this (if error) was cured by the charge. When illegal evidence properly excepted to has been received during a trial, it must be shown that the verdict was not affected by it or the judgment will be reversed. If the evidence may have affected the verdict, the error cannot be disregarded. The rights of parties can *303 only be preserved by adhering to this rule. It would be vaimr to observe the-rules prescribed by law to secure an impartial! jury, if their minds are to be subjected to the influence of illegal evidence after they are impanneled. It does not follow: that impressions thus obtained will have no effect, although the judge directs them to disregard the evidence, A juror is never made competent by the direction of the judge to disregard any opinion he had formed previous to taking his seat. Such direction has never been thought sufficient to protect a party from its effect. An opinion derived from illegal evidence upon the trial would be equally prejudicial.
The judgment should be reversed".
Dentó, J. The judge at the trial allowed the plaintiff to give evidence of the value of the lease which the defendant agreed to give him, overruling, at the time, the defendant’s objection to the evidence; but he reconsidered this ruling when he came to charge the jury, and instructed them to disregard the proof respecting the lease, and give the plaintiff only the actual value of the services. But if the first decision was wrong, the error was not cured by the subsequent direction. After the evidence respecting the value of the lease was declared to be proper, the trial proceeded on the assumption that such value was the proper measure of damages, if the plaintiff was entitled to recover anything,' and neither party gave any evidence as to the real value of the plaintiff’s services, and very little as to the performance of any services. Where the jury were finally told to disregard what had been proved respecting the lease, they had scarcely any evidence before them upon which to assess damages against the defendant; and it is not surprising that they were unable to dismiss from their minds the consideration that the plaintiff had been wrongfully deprived of a valuable lease, or to avoid making up to him at least a part of his loss. It is difficult to account for the verdict in any other way. The plaintiff’s counsel, therefore, I think, properly assumed that it was essential to sustain the correctness of the first ruling in order to *304 uphold the judgment. But that ruling was manifestly erroneous. It is true, a party who has made a payment in money, property or services upon a contract which is invalid, for want of the formalities required by the statute of frauds, ■ may, upon the other party refusing to go on, recover back the amount of such payments in an action upon an implied assumpsit; and where in such a case the undertaking of the defendant was by parol to convey land, it appears to have been held that the plaintiff might prove the value of the land, as evidence upon the question of damages. (Burlingame v. Burlingame, 7 Cow., 92; King v. Brown, 2 Hill, 485; Jack v. McKee, 9 Barr, 235.) It is difficult to sustain that position upon any principle; for if the plaintiff has made an advantageous bargain he gets the benefit of it on this theory, though it was void in law. But this ease did not present any such feature. There was evidence of an agreement by the defendant that if he should purchase the premises he would lease them to the plaintiff for a term of years, at a rent bearing a certain proportion to the price at which they should be purchased. It thus became the interest of both parties to have the purchase made at as low a price as practicable; and the evidence of an employment of the plaintiff to aid in the negotiation amounted only to a suggestion by the defendant to him to see the vendor on the subject of the purchase. Assuming the existence of such an agreement for a lease, the plaintiff and defendant had a common interest in effecting the purchase from the owner and in regard to the terms upon which it should be made; and in the absence of any proof of actual employment, the agency which the defendant took in the negotiation should have been considered as an act done in his own behalf, for his own benefit, and not as the servant of the defendant. It would be a perversion of the evidence to regard it as the payment of the consideration for the lease. If, therefore, the legal position of the plaintiff should be conceded, a case was not made for its application. There was nothing which could be called a payment in services on account of the lease. The plaintiff, it may be assumed, desired to pro. *305 cure the lease, and to have it subject to as low a rent as possible. He, therefore, exerted himself to forward the negotiation, and to have it effected at the lowest price. The defendant cooperated in'the same effort, and a purchase was made at a certain price. The plaintiff was then morally entitled to the lease as agreed, but he had to establish that right through an agreement which the law pronounces invalid. The lease not being given, the plaintiff sought in this action, in substance, to recover damages for the breach, in the name of a compensation for services. I am satisfied that the decision admitting evidence of the amount of these damages was erroneous; and I am persuaded that, though it was retracted in the charge, it notwithstanding produced the verdict, which cannot be sustained on any other grounds. I am in favor of reversing the judgment of the Supreme Court
All the judges concurring,
Judgment reversed and new trial ordered.